Carolyn D. MOORE, Administratrix of the Estate of Phillip P. Morello, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

Jay ASTER, Individually and t/a Wingate Construction Company, Third-Party Defendant, Cross-Claimant and Cross-Claim Defendant,

and

Philadelphia Electric Company, Third-Party Defendant, Cross-Claimant and Cross-Claim Defendant,

and

Russell W. Morello and Anthony Morello, Individually and as partners t/a Russell W. Morello Excavating and Paving

Contractor, Third-Party Defendant, Cross-Claimant and Cross-Claim Defendant.

Civ. A. No. 26811.

United States District Court E. D. Pennsylvania.

March 21, 1963.

———◆———

Elwood S. Levy, Philadelphia, Pa., for plaintiff.

John J. Harding, Asst. U. S. Atty., for United States of America.

James J. McCabe, Jr., and Richard M. Rosenbleeth, Philadelphia, Pa., for Aster.

John J. McDevitt, 3rd, Philadelphia, Pa., for Philadelphia Electric Co.

Daniel J. Ryan, Philadelphia, Pa., for the Morellos.

VAN DUSEN, District Judge.

Argument on these post-trial motions was heard on January 8, 1963, when argument was presented on the post-trial motions of plaintiff, which have been denied by an order entered earlier today. In view of that order, these motions are being denied as moot, without prejudice to their renewal by the moving parties in the event of modification or revocation of the above-mentioned order. However, it is noted at this time that the arguments of the moving parties have raised substantial questions as to the propriety of some of the contingent rulings made under A and B on pages 3 and 4 of the Opinion dated July 13, 1962 (Document 71).[1]

### ORDER

AND NOW, March 21, 1963, IT IS ORDERED that the following Motions are dismissed as moot, without prejudice to their renewal in the event of revocation or modification of the order entered in this case earlier today:

MOTION OF DEFENDANT AND THIRD PARTY PLAINTIFF UNITED STATES OF AMERICA, FOR A NEW TRIAL AGAINST THE THIRD PARTY DEFENDANT PHILADELPHIA ELECTRIC COMPANY (Document 62)

MOTION OF THIRD PARTY DEFENDANT, JAY ASTER, INDIVIDUALLY AND TRADING AS WINGATE CONSTRUCTION CO., FOR A NEW TRIAL AGAINST THIRD PARTY DEFENDANT, PHILADELPHIA ELECTRIC COMPANY (Document 63)

THIRD PARTY DEFENDANT WINGATE'S MOTION FOR AMENDMENT OF FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER RULE 52, AND FOR JUDGMENT (Document 78)

MOTION OF THIRD-PARTY DEFENDANTS, RUSSELL W. MORELLO AND ANTHONY MORELLO, INDIVIDUALLY AND AS PARTNERS t/a RUSSELL W. MORELLO EXCAVATING AND PAVING CONTRACTOR, FOR A NEW TRIAL AND FOR AMENDMENT AND ADDITION TO THE COURT'S TENTATIVE FINDINGS (Document 79)

---

[1]. In view of the oral argument in January 1963, it is noted that the use of the word "requested," rather than "ordered" as specified under 5(a) at the top of page c of the opinion of 7/13/62 (Document 71), resulted from, among other evidence, the testimony of Bruns at N.T. 822–3, of Miller that Bruns was to deal with a subcontractor through the prime contractor who had entered into a contract with the Government if an order was to be given, unless a very hazardous condition existed and there was not sufficient time to act through the prime contractor (N.T. 595–6, 605–6 and 615; cf. N.T. 567 & 577), and of Wade (representative of the prime contractor) that Bruns did make a complaint to him concerning the lack of a boom restrictor (N.T. 1104–6, 1139).